UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Pablo BARBA-Ruiz<br>AKA: Carlos Armando EQUIA<br><br>Defendant. | Magistrate Case No. 08 MJ 1176<br><br>COMPLAINT FOR VIOLATION OF<br>Title 8, U.S.C., Section 1324(a)(2)(B)(ii)-<br>Bringing in Illegal Alien(s) for<br>Financial Gain<br>Title 18, U.S.C., Section 2-<br>Aiding and Abetting<br>Title 18, U.S.C., Section 1544<br>Misuse of Passport |

The undersigned complainant being duly sworn states:

### Count I

On or about **April 16, 2008**, within the Southern District of California, defendant **Pablo BARBA-Ruiz AKA: Carlos Armando EQUIA**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Rufino Angel FRANQUEZ-Ramirez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

### Count II

On or about **April 16, 2008**, within the Southern District of California, defendant **Pablo BARBA-Ruiz AKA: Carlos Armando EQUIA**, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number 310073914, issued to Carlos Armando Equia, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Carlos Armando Equia, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 17th DAY OF **APRIL, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Rufino Angel FRANQUEZ-Ramirez** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 16, 2008 at approximately 10:00 am, **Pablo BARBA-Ruiz AKA: Carlos Armando EQUIA (Defendant)** made application for admission into the United States through the Otay Mesa Port of Entry as the driver of a burgundy 1993 Ford Aerostar. Defendant presented a United States passport bearing the name Carlos Armando EQUIA as his entry document to a U.S. Customs and Border Protection (CBP) Officer. Defendant was accompanied by two visible passengers. Defendant presented two Permanent Resident Cards (I-551) on behalf of the two passengers, one bearing the name Jose A LUNA-Celis and another bearing the name Geovanny VALDEZ-Arias. The CBP Officer suspected that the rear passenger was an impostor to the document presented on his behalf. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, CBP Officers confirmed Defendant and both passengers were not the lawful owners of the documents presented. All were determined to be citizens of Mexico without entitlements to enter the United States. One individual was retained as a Material Witness and is now identified as **Rufino Angel FRANQUEZ-Ramirez (Material Witness).**

During a video-recorded interview, Defendant was advised of his Miranda Rights, acknowledged his rights and elected to answer questions without the benefit of counsel. Defendant admitted knowledge that both passengers were impostors to the documents presented on their behalf. Defendant admitted willfully and knowingly using a United States Passport designated for the use of another in order to gain admission into the United States. Defendant admitted if successful in smuggling, the person with whom he made arrangements would pay him $400.00 USD per person smuggled for a total of $800.00 USD.

During a separate video-recorded interview, Material Witness admitted he is a citizen of Mexico without legal rights or documents to enter the United States. Material Witness stated he was going to pay $1,500.00 USD to be smuggled into the United States. Material Witnesses said he was going to Atlanta Georgia to seek residency.